UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
UNITED STATES MAGISTRATE JUDGE - GREENBELT, MARYLAND

UNITED STATES OF AMERICA     \*

                          \*

      v.                \*     Case No. 08-1727M

                          \*

BRIAN GROSH                \*

                          \*

        Defendant          \*   \*   \*

FILED
LODGED
APR 2 9 2009
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

## MEMORANDUM OPINION

On April 10, 2008, the Defendant, Brian Grosh, was issued two violation notices by

United States Park Police Officer Brandon Brown. Specifically, he was charged with: (1) assault

in violation of 18 U.S.C. § 111(a); and (2) disorderly conduct in violation of 36 CFR

§ 2.34(a)(1). The Defendant filed a myriad of motions, all of which have been ruled upon

except Defendant's Motion for Disclosure of Rule 404(b) Material (Paper No. 16) and Motion in

Limine (Paper No. 22).[1] *See* Opinion dated January 26, 2009. A hearing was held on the

outstanding motions on April 7, 2009. At that time, the Defendant and the Government agreed

that the Motion for Disclosure of Rule 404(b) Material is moot given the disclosures made by the

Government in its Response to Defendant's Seventeen (17) Motions, *See* Paper No. 26 at 4.

Accordingly, the only pending motion is the Defendant's Motion in Limine.[2] For the reasons

discussed below, the Defendant's Motion in Limine is GRANTED IN PART AND DENIED IN

PART.

_____

[1]The Government filed a Response to Defendant's Motion in Lime on December 29, 2008
(Paper No. 26) to which Defendant replied on December 30, 2008 (Paper No. 27). On April 3,
2009, Defendant filed a Supplemental Motion in Limine (Paper No. 29).

[2]After the hearing, the Government filed a response to Defendant's Supplemental Motion
in Limine (Paper No. 32) to which the Defendant replied. (Paper No. 33).

At issue are two separate incidents which the Government seeks to introduce at trial.[3] The first incident occurred on September 9, 2006 at which time the Cumberland City Police were called to the Defendant's property regarding a report of trespassing. The Government proffers that Mr. Grosh observed a vehicle trespass onto his property. He followed that vehicle in his own vehicle. He then allegedly exited his vehicle with a shotgun that he pointed at the four occupants of the other vehicle, forcing them to lie face down at gunpoint with interlaced fingers. Paper No. 26 at 4. At the hearing, Defense counsel vehemently argued that the facts were misstated and that the Defendant took only peaceful and appropriate measures to address the trespassing incident. He asserts that the incident occurred late at night and that the Defendant first called the police before he followed the vehicle. He proffers, from the police report, that the Defendant did not point the gun at the individuals but into the air and after ordering the individuals to lay on the ground with interlaced fingers, he put his gun away. He further proffers the reason for this behavior was to protect his family and property and that at least one of the individuals admitted that he was at fault for trespassing onto the Defendant's property.

The second incident occurred on February 7, 2008, approximately two months prior to the incident at issue. The Government proffers that on that date, the Defendant seized survey equipment from Mark Cyhanick and threatened to throw it into the C&O canal bed. Again, the Defendant vehemently disputes the facts. He first offers that Mark Cyhanick is not a U.S. Park Ranger but a National Park Service employee. He indicates that Mr. Cyhanick was in plain

---

[3]In the Government's original disclosure, it indicated that it would seek to introduce four separate incidents including two incidents involving disorderly conduct and/or battery from 1985 and 1994. *See* Paper No. 26 at 4. At the hearing on the underlying motion, the Government informed the Court that it does not seek to introduce that evidence.

clothes and in an unmarked vehicle on the date of the incident and therefore Defendant did not know, at the outset, if Mr. Cyhanick was a trespasser.  Once Mr. Cyhanick indicated that he was surveying the property, the Defendant asked him to leave, but Mr. Cyhanick refused.  At that time, the Defendant returned to his home to call the police and his attorney after which he returned in an attempt to calmly remove the surveyors from the property.  Defense counsel further proffered that only after unsuccessfully persuading Mr. Cyhanick to leave the property did he remove the survey equipment and place it on the bank of the canal.

There is no dispute between the parties with respect to the law regarding the admission of evidence under Rule 404(b) of the Federal Rules of Evidence.  Evidence of other acts is not admissible to demonstrate bad character or criminal propensity, but such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed.R.Evid. 404(b); *see also United States v. Queen,* 132 F.3d 991, 994-95 (4th Cir.1997).  Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except those which tend to prove only criminal disposition. *Id.* at 994-95; *United States v. Rawle,* 845 F.2d 1244, 1247 (4th Cir.1988).  The United States Court of Appeals for the Fourth Circuit has established a test for admissibility under Rule 404(b) providing that the evidence is admissible if (1) it is "relevant to an issue, such as an element of an offense, and [is not] offered to establish the general character of the defendant"; (2) it is "necessary in the sense that it is probative of an essential claim or an element of the offense"; (3) it is reliable; and (4) its "probative value [is not] substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *Queen,* 132 F.3d at 997.

The Government argues that the evidence it seeks to introduce demonstrates the Defendant's intent, motive and absence of mistake or accident.  The Government believes at least part of the defense will be that the Defendant did not intend to throw the wooden stake at Officer Brown.  With respect to the 2006 incident, it argues that because the Government has the burden of proving that the Defendant acted with intent with respect to the assault charge, the prior act of aggressively forcing four people to the ground at gunpoint demonstrates that he must have intended to assault Officer Brown here.   The Court disagrees.  As the Government stated at the hearing the evidence would indeed show that the Defendant acted violently and aggressively when he perceives others are trespassing on his property.  While the evidence is clearly probative of character, the Court does not find that it proves intent, motive or absence of mistake or accident with respect to the underlying incident as the Government argues.  First, the incident occurred approximately a year and a half prior to the incident at issue.  It involved four individuals none of whom were involved in the incident at issue.  Simply stated, the fact that the Defendant may have responded aggressively to purported trespassing does not tend to prove that he intended to assault on this occasion.   Rather, it tends to prove only what Rule 404(b) is designed to prohibit: that because the Defendant may have acted aggressively in the past, he has done so again.  Accordingly, the introduction of any evidence relating to the 2006 incident is denied.

With respect to the 2008 incident, the Court finds that the evidence, as proffered by the Government,[4] is admissible.  As to the first prong of the test laid out in *Queen*, evidence is

---

[4]*See United States v. Foster*, 2004 WL 225080 (D. Md. Jan. 22, 2004) (assuming for purposes of a Rule 404(b) motion, the truth of facts proffered by proponent of evidence)

4

relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Government must prove that the Defendant's conduct amounted to an intentional assault upon Officer Brown. As stated above, the Government proffers that at the 2008 incident, the Defendant seized survey equipment from Mark Cyhanick and threatened to throw it into the canal. There are significant similarities between the prior incident and the one at issue in this case. *See Queen,* 132 F.3d at 997 ("the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes."). Both acts involved attempts to remove individuals whom the Defendant perceived as trespassers from his property. Both incidents involved Mark Cyhanick and both incidents involved allegations of threatening behavior on behalf of the Defendant. The introduction of evidence relating to the 2008 incident is clearly relevant as the Government contends that because the Defendant's prior threats were not successful, he therefore escalated his behavior in his attempt to deal with the perceived trespassers. Accordingly, the Court finds the evidence relevant.

Under Rule 404(b), the Court also finds the evidence necessary in the sense required by *Queen.* As mentioned above, the Government contends that the Defendant has been unsuccessful in his prior attempts to remove individuals from what he believes is his private property and accordingly, he escalated his behavior because of his failure to remove the individuals in the past. The Court finds the evidence necessary in that it is again probative of whether Defendant intended to assault Officer Brown here.

Third, as to reliability, the Government has indicated that it intends to introduce

5

testimony of witness(es) who were present during the prior incident.  In addition, the incident

occurred only approximately two months prior to the incident at issue and approximately one

year ago.  The evidence is reliable for Rule 404(b) purposes. *See, e.g., United States v. Aramony,*

88 F.3d 1369, 1378 (4th Cir.1996) ("[E]vidence is reliable and should be submitted to the fact

finder unless it is 'so preposterous that it could not be believed by a rational and properly

instructed juror." ') (quoting *United States v. Bailey,* 990 F.2d 119, 123 (4th Cir.1993)).

Finally, this Court must determine whether the challenged evidence, despite its probative

value, is nevertheless excludable under Rule 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially
> outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the
> jury, or by considerations of undue delay, waste of time, or needless presentation of
> cumulative evidence.

Fed. R. Evid. 403.  Within the context of this rule, "unfair prejudice" refers to "an undue

tendency to suggest decision on an improper basis, commonly, though not necessarily, an

emotional one." Fed.R.Evid. 403 advisory committee's note; *see also United States v.*

*Greenwood,* 796 F.2d 49, 53 (4th Cir.1986) ("[t]he prejudice which the rule is designed to

prevent is jury emotionalism or irrationality.").  In addition, the Fourth Circuit has held that the

Rule 403 balancing test weighs in favor of admitting evidence when the prior act does "not

involve conduct any more sensational or disturbing than the crimes with which [the defendant]

was charged." *United States v. Boyd,* 53 F.3d 631, 637 (4th Cir.1995).

The Court finds that the evidence is not excludable under Fed. R. Evid. 403.  First,"[the

404(b)] rule of exclusion is relaxed significantly here because there is no risk that a jury will

improperly weight the evidence:

6

> [I]n the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial.... Rule 403 was designed to keep evidence not germane to any issue outside the purview of the jury's consideration. For a bench trial, we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences.

*Schultz v. Butcher,* 24 F.3d 626, 632 (4th Cir.1994).  In addition, the Court finds that the facts surrounding the alleged prior incident are certainly no more sensational than those involved here. The prior incident involved only alleged threats and mostly a verbal exchange between Defendant and Mr. Cyhanick.  Accordingly, the evidence is not excludable under Fed. R. Evid. 403.

For the reasons discussed above, the Defendant's Motion in Limine is denied as to the February 7, 2008 incident and granted as to the September 9, 2006 incident.

Date:  April 27th, 2009

THOMAS M. DIGIROLAMO
United States Magistrate Judge

cc:    Erich Ferrari, Esq.

Jane Nathan, AUSA

Court File

7